WILLIAM L. WALLER, JR., CHIEF JUSTICE
¶ 1. This matter is before the Court on the Mississippi Bar Association's Motion to Accept Irrevocable Resignation of Jack Parsons. After due consideration, the Court finds as follows:
¶ 2. In February of 2014, the Mississippi Bar filed a formal complaint seeking to discipline Jack Parsons upon allegation that he had filed a frivolous garnishment action and had been dishonest before a tribunal. By Opinion and Judgment entered on February 16, 2016, the Complaint Tribunal concluded that Parsons should be suspended from the practice of law for one year. Parsons appealed and the Mississippi Bar cross-appealed. On June 29, 2016, Parsons executed a Notice of Irrevocable Resignation pursuant to Rule 10.5 of the Rules of Discipline for the Mississippi State Bar. Two disciplinary matters are currently pending against Parsons. He has indicated that he has no desire to defend the disciplinary matters. He seeks permission to resign irrevocably and with prejudice from the Mississippi Bar. Parsons's notice complies with Rule 10.5 in all respects.
¶ 3. Rule 10.5 provides that, upon tender of an irrevocable resignation from an attorney, the Court shall enter an order accepting the resignation, revoking the attorney's license, and barring the attorney's right to seek reinstatement in the future. Having considered the circumstances in light of Rule 10.5, the Court finds that the Mississippi Bar's Motion to Accept the Irrevocable Resignation of Jack Parsons is well-taken and shall be granted.
¶ 4. IT IS THEREFORE ORDERED, ADJUDGED, and DECREED as follows:
1. The Court hereby accepts Jack Parsons's resignation with prejudice from the Mississippi Bar, and such resignation is tantamount to proof of guilt on the matter charged;
2. The Court hereby revokes Jack Parsons's license to practice law in the State of Mississippi;
3. The Court hereby bars Jack Parsons from seeking reinstatement to the privilege of practicing law in the State of Mississippi in the future;
*164 4. The Clerk of the Court shall forward an attested copy of this order to Jack Parsons and to the Executive Director of the Mississippi Bar;
5. Jack Parsons shall, within thirty days following entry of this order, notify clients and affected courts of his resignation from the Mississippi Bar, properly disburse all funds he may hold in trust, and comply with all other requirements applicable under Rule 11 of the Mississippi Rules of Discipline ;
6. Jack Parsons shall, within forty-five days following entry of this order, file an affidavit with the Court stating that all of his clients have been notified of his resignation from the Mississippi Bar and his consequent inability to practice law in Mississippi, and that he has fully complied with all applicable requirements set forth in Rule 11 of the Mississippi Rules of Discipline, as well as the requirements of this order;
7. Failure to comply with this order may be punished as contempt and may constitute a separate ground for disciplinary action;
8. The Clerk of the Court shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States; and
9. Costs of the formal complaint shall be and are hereby assessed to Jack Parsons.
¶ 5. SO ORDERED, this the 1st day of May, 2017.
ALL JUSTICES AGREE.